964 So.2d 431 (2007)
STATE of Louisiana, Appellee,
v.
Frank Bernard CORBIN, Appellant.
No. 42,384-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Rehearing Denied September 13, 2007.
Paula C. Marx, Louisiana Appellate Project, for Appellant.
Robert W. Levy, District Attorney, Laurie Whitten, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
*432 CARAWAY, J.
Frank Bernard Corbin was convicted of DWI, fourth offense in violation of La. R.S. 14:98(E). He received a sentence of 10 years' imprisonment at hard labor, the first 60 days to be served without the benefit of parole, probation, or suspension of sentence and a fine of $5,000, to run consecutively to the prior sentence imposed for an earlier conviction of DWI, fourth offense. Corbin now appeals his conviction and sentence. We affirm the conviction and amend the sentence to provide that the entire 10-year term is to be served without the benefit of probation, parole or suspension of sentence to run consecutively with the balance of any other sentence imposed for a prior conviction for any offense.

Facts
On July 4, 2004, Corbin rear-ended a vehicle while operating a vehicle without license plates. The force of the impact caused the victim's car to strike the car ahead of her. Thereafter, the victim saw Corbin, the sole occupant of his vehicle, exit the driver's side of his vehicle. Corbin left the scene of the accident after accusing the victim of being at fault. The victim flagged down a Ruston police officer who pursued and apprehended Corbin immediately. Two officers observed that Corbin's eyes were bloodshot, that he smelled of alcohol and was unsteady on his feet. Corbin denied causing the crash and refused to sign a rights form or take an Intoxilyzer test. He failed all field sobriety tests after admitting that he would do so. Based upon these events, Corbin was arrested and charged with DWI, fourth offense.
Corbin's predicate offenses listed in the bill of information included a November 20, 1997, guilty plea to DWI, first offense, under Ruston City Court docket number 71,224 (Predicate No. 1); a January 28, 1998, guilty plea to DWI, first offense, under Lincoln Parish docket number 43,020 (Predicate No. 2); a March 3, 2000, guilty plea to DWI, third offense, under Lincoln Parish docket number 45,719 (Predicate No. 3); and a November 17, 2002, guilty plea to DWI, fourth offense, under Lincoln Parish docket number 49,021 (Predicate No. 4).
Prior to trial, Corbin sought to quash two of the predicate offenses (Predicate Nos. 1 and 4) on the basis that the guilty pleas upon which those convictions were obtained were not voluntary, intelligent and knowing. The basis for the motion to quash Predicate No. 1 was an exchange that took place during the guilty plea colloquy for that offense which the defendant contends reflected an unsuccessful attempt to invoke the right to counsel.[1]
Corbin's motion to quash came for hearing on August 22, 2006. The trial court considered the transcript of the November 20, 1997 plea and determined that a valid waiver of counsel had been established by the record. The court denied the motion as to both of the challenged predicate offenses and allowed the state to move ahead to trial with the four predicate offenses listed in the bill of information.
The case proceeded to a bench trial on August 30, 2006. Corbin stipulated that he was the same person convicted in each of the four predicate convictions for which the state introduced certified copies of the bills of information, court minutes and guilty plea transcripts. The state and defendant stipulated that the sole issue for the court to determine was whether Corbin was driving under the influence of alcohol. Corbin's counsel also specifically reserved Corbin's right to appeal the denial *433 of his motion to quash and indicated on the record his agreement with the state that upon Corbin's conviction for DWI, fourth, the state recommended that the court impose the minimum ten-year sentence with credit for time served.
After all evidence on the present and predicate charges was adduced, the defendant was convicted as charged. Corbin's probation from his prior conviction for DWI, fourth offense was revoked and the sentence was ordered executed, with credit for time served. Defendant was also sentenced on the present conviction to 10 years at hard labor to be served consecutively to the earlier sentence, with the first 60 days to be served without the benefit of parole, probation, or suspension of sentence. The court also imposed a fine of $5,000.
The defendant now appeals assigning error to the trial court's denial of his motion to quash the conviction on Predicate No. 1 and to the imposition of the $5,000.00 fine.

Discussion
Corbin argues that his plea to DWI, first offense in Predicate 1 could not be used as a predicate offense because the record reflects that he did not make a voluntary waiver of his right to counsel.
To convict a defendant of DWI, fourth offense, the state must prove that the defendant has had three prior valid convictions, as defined in La. R.S. 14:98(F)(1), and that these convictions are not stale under La. R.S. 14:98(F)(2). State v. Benoit, 363 So.2d 656 (La.1978); State v. Pickard, 40,422 (La.App.2d Cir.12/14/05), 918 So.2d 485.
In the present case, the state submitted evidence of four prior DWI convictions, only three of which must be valid to support the present conviction for DWI, fourth offense. Because all four convictions were obtained within the 10-year time period prior to the present conviction, under La. R.S. 14:98(F)(2), none of the convictions were stale. The present appeal only challenges the trial court's failure to quash one of these four convictions. Corbin does not argue or cite any authority for the proposition that the state was required to prove this offense as well as the three remaining uncontested predicate offenses in order to obtain a conviction against him for DWI, fourth offense. The above-cited jurisprudence fails to support his claim. Thus, even if Corbin's contentions regarding Predicate 1 are correct, his conviction would still be valid on the basis of the three remaining uncontested predicates and any error by the trial court would be moot and harmless error.
Corbin also contends that the sentencing provisions applicable to his conviction are found under La. R.S. 14:98(E)(4)(a) and do not authorize the imposition of any fine. Thus, he requests this court to delete the $5,000 fine imposed by the trial court.
At the time of this offense, the applicable penalty provisions for DWI fourth offense under La. R.S. 14:98 provided as follows:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended, *434 and the offender shall be required to under go an evaluation to determine the nature and extent of the offender's substance abuse disorder.
* * *
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
As noted above, the present offense was Corbin's second conviction for DWI, fourth offense, the first having come in Predicate No. 4. For that prior conviction, defendant was sentenced to 10 years' imprisonment at hard labor, 60 days to be served without the benefit of probation, parole or suspension of sentence, with the remainder of the sentence suspended, 5 years' probation and a $5,000 fine. He was also ordered to undergo an evaluation to determine the extent of his substance abuse disorder. Because Corbin previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, the appropriate sentencing provisions are those contained in La. R.S. 14:98(E)(4)(b). The provisions of La. R.S. 14:98(E)(4)(a), which do not specifically address the present situation for one previously convicted of DWI, fourth offense, are not applicable. Subsection (E)(4)(b) provides no sentencing range (minimum or maximum), and simply provides that whatever the sentence, it is to be served without benefits and consecutive to any other sentences. Thus, it must be read in conjunction with La. R.S. 14:98(E)(1) which provides the sentencing range and mandates the imposition of a $5,000 fine. See State v. Jones, 41,242 (La.App.2d Cir.8/23/06), 938 So.2d 1080, which determined that the minimum sentence which could be imposed under La. R.S. 14:98(E)(4)(b) is "ten years at hard labor without the benefit of parole, probation, or suspension of sentence and a fine of $5,000.00, to run consecutively with the balance of any other sentence imposed for a prior conviction for any offense."[2] On these grounds, Corbin's argument has no merit.
On error patent review, we note that the sentence imposed by the court is illegally lenient. La. R.S. 14:98(E)(4)(b) provides that when the defendant previously received a suspended sentence for DWI, fourth offense, the trial court cannot *435 order that any portion of the present sentence be served with benefit of parole, probation, or suspension of sentence and that the sentence must be served consecutively with the balance of any other sentence imposed for a prior conviction for any offense. Under the circumstances of this case, the minimum sentence that could have been imposed by the trial court was 10 years at hard labor without benefit of parole, probation, or suspension of sentence and a fine of $5000, to run consecutively with the balance of any other sentence imposed for a prior conviction for any offense. See State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Jones, supra. Accordingly, the sentence is amended to provide that the entire 10-year hard labor sentence is to be served without probation, parole, or suspension of sentence and to run consecutively with the balance of any other sentence imposed for a prior conviction for any offense.

Conclusion
Corbin's conviction is affirmed. His sentence is amended to provide that the entire 10-year hard labor sentence be served without probation, parole, or suspension of sentence and consecutively with the balance of any other sentence imposed for a prior conviction for any offense.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND, AS AMENDED AFFIRMED.
APPLICATION FOR REHEARING
Before STEWART, CARAWAY, PEATROSS, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Corbin did not appeal the denial of the motion to quash Predicate No. 4.
[2] Corbin does not argue that the $5,000 fine imposed by the trial court went beyond the terms of the sentence agreement which included the state's recommendation that Corbin receive the minimum ten-year sentence. The trial judge retained the discretion to impose the mandatory fine because the state recommendation was not part of a plea agreement to which the trial court agreed. Even in plea agreements, the jurisprudence has ruled that the sentencing function remains exclusively within the province of the trial court's authority. State v. Terrebonne, 01-2632 (La. App. 1st Cir.6/21/02), 822 So.2d 149. That conclusion is all the more applicable when the sentence agreement is not part of a plea agreement.