PER CURIAM.
 

 liThe state charged defendant by bill of information with fourth or subsequent offense of driving while intoxicated in violation of La.R.S. 14:98(E)(4). After trial by jury on December 11, 2008, defendant was found guilty as charged. The trial court sentenced him to 20 years’ imprisonment at hard labor without benefit of suspension of sentence, probation, or parole. La.R.S. 14:98(E)(4)(b). On appeal, the Fifth Circuit affirmed defendant’s conviction, thereby rejecting his claim that the evidence was insufficient to support the jury’s verdict, but vacated his sentence of 20 years’ imprisonment at hard labor as excessive, and substituted for it a term of 10 years’ imprisonment at hard labor, also without benefit of suspension of sentence, probation, or parole.
 
 State v. White,
 
 09-1071 (La.App. 5th Cir.6/29/10), 44 So.3d 750. We granted the state’s application to review that decision and reverse for the reasons that follow.
 

 |2The undisputed evidence at trial showed that in the early morning hours of March 24, 2008, State Trooper Sean Boyd found defendant slumped over the wheel of his truck parked on the lower portion of Westbank Expressway in Gretna, Louisiana, some distance away from a traffic
 
 *509
 
 light that had turned green. The truck straddled the middle and right lanes of the expressway and there was no other traffic around the vehicle at the time. The truck was running, and in gear, but defendant’s foot pressed on the brake pedal kept the vehicle from surging forward. Trooper Boyd reached through the opened window, put the vehicle into park, and turned off the ignition. He then shook defendant awake, had him step from the car, and asked him some questions to ensure that he had no medical problems. The trooper noticed that defendant had bloodshot, glazed eyes, and smelled of alcohol. The officer administered a standard field sobriety test, concluded that defendant was intoxicated, placed him under arrest, and put him in the backseat of his patrol unit. The officer then re-started defendant’s vehicle without difficulty and moved it to a corner lot where he parked it and inventoried the contents. He secured the vehicle and transported defendant to the station house for booking. Defendant submitted to an Intoxilyzer test which indicated that his blood alcohol level was .121% grams, well above the legal limit of .08% grams. Defendant also gave a statement in which he admitted that he had consumed two 12 ounce glasses of Crown Royal whiskey and that he had been driving home from his father’s house when the encounter with Trooper Boyd occurred.
 

 Defendant stipulated at trial that he was, in fact, intoxicated at the time of his arrest, and that he had four prior DWI convictions, as alleged by the state in the bill of information. However, the defense disputed whether defendant had operated the vehicle while intoxicated after leaving a local bar on the Westbank Expressway. The 1 .-¡defense called Reginald Bradley who testified that he had been with defendant at the bar and that he, not defendant, had taken the wheel of the car after they left and headed for the home of defendant’s girlfriend. Bradley followed the directions provided by defendant intermittently as he drifted in and out of an alcoholic haze. Bradley testified that a couple had flagged him down as they drove on the expressway and asked him for help with their own car. Bradley managed to start that vehicle but then found that defendant’s car would not restart because of a faulty ignition. Defendant had lapsed back into unconsciousness and after failing to shake him out of his slumber, Bradley wandered off looking for help. When he returned approximately 45 minutes later, Bradley found the vehicle parked off the Expressway and defendant gone. Although Bradley testified that he alone drove the vehicle after they left the bar and headed for the home of defendant’s girlfriend, he conceded that he did not know whether defendant then took the wheel and attempted to move the vehicle after he left the scene looking for help.
 

 Following the jury’s return of a verdict of guilty as charged, the trial court conducted a brief sentencing hearing on December 18, 2006. Defendant called two witnesses. Reverend Orlando Brown testified that he had known defendant for 30 years and had been counseling him for three years. He noted that defendant had “recently gotten married and really made a big change in his life,” and expressed confidence that defendant was “going in the right direction right now.” However, Reverend Brown acknowledged that he had no formal training in social work or in substance abuse counseling. The reverend thus based his opinion on his own life experiences and his work through his ministry, including enrollment in Christian Bible College which evidently offered some courses in counseling. Yvette White Steib, defendant’s sister, testified that she had been through substance abuse classes |4and that based on her personal observa
 
 *510
 
 tions, defendant had made “big progress, a lot,” with handling his emotions and in “finding a way other than drinking to handle his emotions.” She attributed defendant’s alcoholic past to the death of his mother, after a long illness, which was his “complete downfall.”
 

 The trial court initially sentenced defendant to a maximum term of 30 years’ imprisonment at hard labor, the last 10 years suspended and the first three years without benefit of suspension of sentence, probation, or parole. The court also imposed a fine of $5,000. The court expressly took into account “the defendant’s criminal history with respect to so many DWI convictions and arrests ... for public intoxication.” However, after a brief recess to sort out confusion over the applicable law with his law clerk, and after determining from the state’s exhibits introduced at trial that defendant had been previously convicted of fourth offense D.W.I., for which he received a suspended sentence and probation, the trial judge vacated his original sentence and resentenced defendant to 20 years’ imprisonment at hard labor, the entire term without benefit of suspension of sentence, probation, or parole, and re-imposed the $5,000 fine.
 
 [1]
 

 On appeal, the Fifth Circuit panel flatly rejected defendant’s challenge to the sufficiency of the evidence supporting his conviction and sentence.
 
 White,
 
 09-1071 at 10, 44 So.3d at 756. The court noted that the “only reasonable hypothesis [was] |fithat defendant operated the vehicle,” given Bradley’s testimony which, “if believed, would show that defendant moved into the driver’s seat, turned the key in the ignition, started the vehicle, put it in drive, and placed his foot on the brake before slumping behind the steering wheel, all of which would indicate that defendant operated the vehicle.”
 
 Id.
 
 However, the court of appeal found that the sentence imposed by the trial court was excessive. In vacating the penalty, the Fifth Circuit readily acknowledged that “[t]he issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.”
 
 White,
 
 09-1071 at 17, 44 So.3d at 759 (citation omitted). Finding an abuse of that discretion in the present case, the Fifth Circuit panel expressly considered the testimony presented at sentencing that defendant appeared to have turned his life around by marrying and seeking counseling from his minister and longtime friend and had thus taken steps on a path to stability and rehabilitation.
 
 White,
 
 09-1071 at 18, 44 So.3d at 760. Further, the court of appeal observed that “no one was injured and there was no accident as a result of [defendant’s] intoxication.”
 
 Id.
 
 Finally, the court noted that in
 
 State v. Conner,
 
 02-0363 (La.App. 5th Cir.11/13/02), 833 So.2d 396,
 
 writ denied,
 
 02-3064 (La.4/25/03), 842 So.2d 396, another panel in the Fifth Circuit had affirmed a fifth DWI offender’s sentence of 10 years’ imprisonment at hard
 
 *511
 
 labor without benefit of suspension of sentence, probation, or parole, and a fine of $5,000, against a challenge of excessiveness. Thus, “[a]fter considering the nature of the instant crime, the nature and background of the defendant, and the sentence imposed by this Court for a similar crime in
 
 [Conner
 
 ],” the Fifth Circuit panel found defendant’s sentence excessive. As opposed to remanding the case for resen-tencing with or without specific instructions to the trial court,
 
 see
 
 La.C.Cr.P. art. 881.4(A) (“If the appellate court finds that a sentence must be set aside on any ground, the court shall | firemand for resen-tence by the trial court.”), the court of appeal reduced the penalty to a term of 10 years’ imprisonment at hard labor without benefit of suspension of sentence, probation, or parole.
 
 Id.,
 
 09-1071, p. 18, 44 So.3d at 760. It further ordered the trial court to clarify in its commitment that the entire term of imprisonment must run without benefit of suspension of sentence, probation, or parole.
 
 Id.
 

 However, we agree with the state that even as the court of appeal acknowledged a fundamental principle of sentence review, the Fifth Circuit panel essentially substituted its determination of what it considered an appropriate penalty for that of the trial judge by reevaluating factors otherwise committed to the sound discretion of the trial court to weigh in the first instance.
 
 State v. Telsee,
 
 425 So.2d 1251, 1253 (La.1983) (“The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender.”) (citation omitted). We find no abuse of the trial court’s broad sentencing discretion in not sharing the court of appeal’s view that the failure of defendant to cause an accident militated against the severity of any punishment imposed. The undisputed evidence at trial placed defendant at the wheel of a vehicle stopped and straddling two lanes of the lower portion of the Westbank Expressway, a major thoroughfare in Jefferson Parish. He was unconscious with his foot on the brake as the engine idled with the transmission in gear. The fortuity that defendant’s foot did not slip before Trooper Boyd found him and that the vehicle did not begin meandering along the Expressway posing significant risk to anyone else on the road scarcely diminished what his conduct said about the societal dangers of drunken driving and its potential for lethal results.
 
 See Michigan Dept. of State Police v. Sitz,
 
 496 U.S. 444, 451, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990) (“No one can seriously dispute the magnitude of the drunken driving problem or the States’ interest |7in eradicating it. Media reports of alcohol-related death and mutilation on the Nation’s roads are legion.”).
 

 Nor did the trial court abuse its sentencing discretion by according relatively little or no weight to what amounted to subjective statements of belief or hope by Reverend Brown and Yvette Steib that defendant had made a decisive turn on the path to rehabilitation. The court properly evaluated those opinions in the context of what defendant’s four prior D.W.I. convictions, including a prior fourth offender conviction and sentence which had entailed probation and substance abuse treatment, said about his potential for rehabilitation. In particular, the commitment form issued by the court following defendant’s prior guilty plea to fourth offense D.W.I. on February 3, 2003, introduced at trial as S-2, indicated that defendant had been sentenced to 10 years’ imprisonment at hard labor, credit for time served, with nine years and eight months of that term suspended. The court placed defendant on probation with the special conditions that he undergo evaluation to determine the nature and extent of his substance abuse disorder and
 
 *512
 
 to undergo inpatient substance abuse treatment for a period not less than four weeks nor more than six months, with follow-up outpatient treatment for up to one year. The court further imposed two years of home incarceration. The state’s exhibits further demonstrated that defendant’s guilty plea to first offense D.W.I. in Ascension Parish on October 12, 1999, entailed probation with substance abuse evaluation and treatment if necessary. These flexible sentencing measures, intended to address defendant’s underlying substance abuse disorder as an alternative to extended incarceration, clearly failed to have any lasting rehabilitative effect.
 

 Finally, while a comparison of defendant’s sentence with penalties imposed in other similar cases plays a role in sentence review, as it “sets the stage for ... inquiry [Rinto the nature of the offender and the offense,”
 
 Telsee,
 
 425 So.2d at 1254, the court of appeal’s consideration of a single case in which a similarly-situated fifth offender received only one-half of the original term of imprisonment imposed on defendant scarcely supported its conclusion that defendant’s sentence, in effect, made “no measurable contribution to acceptable goals of punishment and [was] nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.”
 
 State v. Dorthey,
 
 623 So.2d 1276, 1280 (La.1993). Although there are several reported decisions in addition to
 
 Conner
 
 affirming mandatory minimum terms of 10 years’ imprisonment at hard labor without benefit of suspension of sentence, probation, or parole, for a fourth or subsequent DWI offenses,
 
 see, e.g., State v. Gage,
 
 42,279 (La.App. 2nd Cir.8/29/07), 965 So.2d 592,
 
 writ denied,
 
 07-1910 (La.2/22/08), 976 So.2d 1283;
 
 State v. Corbin,
 
 42,384 (La. App. 2nd Cir.8/15/07), 964 So.2d 431,
 
 writ denied,
 
 07-2273 (La.4/25/08), 978 So.2d 364;
 
 State v. Jones,
 
 41,242 (La.App. 2nd Cir.8/23/06), 938 So.2d 1080;
 
 State v. Volgamore,
 
 38,054 (La.App. 2nd Cir.1/28/04), 865 So.2d 237,
 
 writ denied,
 
 04-1255 (La.4/22/05), 899 So.2d 568, two reported decisions affirmed 15-year terms of imprisonment at hard labor without benefit of suspension of sentence, probation, or parole,
 
 State v. Hardeman,
 
 04-0760 (La. App. 1st Cir.2/18/05), 906 So.2d 616;
 
 State v. Masters,
 
 37,967 (La.App. 2nd Cir.12/17/03), 862 So.2d 1121, and one decision affirmed a 25-year term of imprisonment at hard labor under identical restrictions.
 
 State v. Wiltcher,
 
 41,981 (La.App. 2nd Cir.5/9/07), 956 So.2d 769. As in the present case, the defendants in
 
 Harde-man, Masters,
 
 and
 
 Wiltcher,
 
 injured no one in the course of committing the underlying D.W.I. offense yet still received substantial executory terms of imprisonment served without benefit of parole.
 

 | ¡/Thus, while the 20-year term without benefit of suspension of sentence, probation, or parole, imposed by the trial court in the present case clearly falls in the upper range of sentences imposed under R.S. 14:98(E)(4)(b), it does not suggest an arbitrary departure from a sentencing norm that might indicate disproportionate punishment.
 
 [2]
 

 Accordingly, the decision of the court of appeal is reversed and defendant’s sentence of 20 years’ imprisonment at hard
 
 *513
 
 labor without benefit of suspension of sentence, probation; or parole, is reinstated. This case is remanded to the trial court for execution of sentence, in connection with which the court shall issue an amended commitment clarifying that the sentence imposed pursuant to La.R.S. 14:98(E)(4)(9), is without benefit of suspension of sentence, probation, or parole for the entire 20-year term of imprisonment.
 

 COURT OF APPEAL DECISION REVERSED; SENTENCE REINSTATED; CASE REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . At the time of the offense in March 2008, the applicable version of R.S. 14:98(A)(1), 2005 La. Acts 497, provided a sentencing range of not less than 10 and not more than 30 years' imprisonment with or without hard labor, the first 60 days of which were without benefit of probation, parole, or suspension of sentence, and the remainder of any term imposed subject to the discretion of the court to suspend sentence in whole or in part. However, La.R.S. 14:98(E)(4)(b) further provided that:
 

 If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
 

 [2]
 

 . Other factors providing additional flexibility in execution of the sentence may militate against the severity of the punishment imposed. Although La.R.S. 14:98(E)(4)(b) eliminates parole eligibility as a matter of La.R.S. 15:574.4, it does not otherwise restrict diminution of sentence for good behavior under La.R.S. 15:571.3(A)(1), and, thus, early release "as if on parole.” La.R.S. 15:571.5(A)(1). The availability of early release options "is generally a relevant consideration in review of sentences for excessiveness,”
 
 State v. LeBlanc,
 
 09-1355, p. 11 (La.7/6/10), 41 So.3d 1168, 1174.