938 So.2d 1080 (2006)
STATE of Louisiana, Appellee
v.
Clement Wayne JONES, Appellant.
No. 41,242-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
*1081 Peggy J. Sullivan, Monroe, Louisiana Appellate Project, Brian C. McRae, for Appellant.
William R. Jones, Julie C. Jones, Assistant District Attorney, District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, J.
The defendant, Clement Wayne Jones, was convicted of driving while intoxicated, fourth offense. He was sentenced to serve ten years at hard labor, five of those years to be suspended, and was ordered to pay a fine of $5,000.00. The defendant now appeals, arguing that the sentence violates La. R.S. 14:98 because the defendant did not have the opportunity to avail himself of any substance abuse treatment following his conviction for a prior DWI offense. For the following reasons, we affirm the conviction and amend the sentence to comply with La. R.S. 14:98(E)(4)(b).

FACTS
Around 8:00 p.m. on March 30, 2004, Rodger Cason of the Louisiana State Police observed the defendant speeding while driving north on Louisiana Highway 1 in Red River Parish. Cason attempted to stop the defendant by activating his blue emergency lights. The defendant continued to drive until he turned into a private driveway. Cason followed the defendant down the driveway and behind a mobile home. After the defendant parked the car, Cason ordered the defendant to step out of the vehicle and walk toward him. When the defendant exited the vehicle, Cason immediately detected a strong odor of alcohol on his breath. The defendant performed poorly on the horizontal gaze nystagmus test, walk-and-turn test and one-leg stand test.
After determining that the defendant was intoxicated, Cason arrested the defendant and took him to the Red River Sheriff's Office. The defendant voluntarily submitted to a Breathalyzer test. The results showed that the defendant had a blood alcohol content of .220.
The defendant was charged with driving while intoxicated (DWI), fourth offense, as well as possession of a firearm by a convicted felon. The defendant was tried before a jury of six persons, solely on the DWI charge.[1] On April 27, 2005, the jury found the defendant guilty as charged of DWI, fourth offense.
The trial court sentenced the defendant to serve ten years at hard labor; five years were suspended, with the defendant to be on probation for five years. The defendant was also ordered to pay a fine of $5,000.00. The defendant entered a contemporaneous *1082 objection to his sentence, claiming that he had not received substance abuse treatment in connection with his prior DWI conviction. The trial court overruled the objection and the defendant appealed his sentence.

DISCUSSION
The defendant argues that, because he did not have the opportunity to avail himself of substance abuse treatment after his prior conviction for DWI, the sentence on the present offense, ten years, with five of those years to be suspended, violated the provisions of La. R.S. 14:98 which provides that a defendant be sentenced to substance abuse treatment and home incarceration. The defendant further argues that, because he had not completed a substance abuse treatment program, all but 60 days of his sentence should have been suspended. He contends that it is "clearly the intent of this statute to make sure that such treatment is favored over incarceration." Finally, the defendant argues that, at the very least, this matter should be remanded to the trial court to determine whether the defendant was ordered to treatment and, if he did not have the opportunity to sign up for treatment, whether that failure was due to the defendant's lack of resources. These arguments are without merit.
At the time the offense was committed, La. R.S. 14:98 provided, in pertinent part, that:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
. . . .
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.[2]
The record in this matter shows that the defendant was convicted of DWI, first offense, in January 1994. He pled guilty to DWI, second offense, on August 26, 1998. In April 2000, the defendant was *1083 arrested for DWI, third offense, and pled guilty in October 2000 to the reduced charge of DWI, second offense. In July 2002, the defendant was arrested for DWI, fourth offense. He pled guilty to that charge on June 23, 2003. On January 30, 2004, he was sentenced to serve ten years at hard labor with all but 60 days of the sentence to be suspended. The court ordered that the defendant serve 60 days without benefit of probation, parole, or suspension of sentence. The defendant was ordered to undergo evaluation for in-house substance abuse treatment. After treatment, the defendant was ordered to serve one year home incarceration. The defendant was also given five years supervised probation. The record is clear that the defendant had previously been sentenced to substance abuse treatment.
The defendant was sentenced on the prior DWI on January 30, 2004, and was arrested for the instant DWI on March 30, 2004. The defendant points to the short amount of time between the prior sentencing and the arrest of the instant charge as being the reason the defendant did not undergo substance abuse treatment. We find that it is the defendant's responsibility to avail himself of the imposed substance abuse treatment, and his committing another DWI does not excuse this failure. Further, we note that the defendant had one year and three months between the sentencing for the prior DWI and the sentencing for the instant conviction, and still failed to undergo the substance abuse treatment. Without more, the defendant's objection to the sentence on these grounds is without support and the trial court correctly denied it.
On our error patent review, we note that the sentence imposed by the court is illegally lenient. Under the facts presented here, the applicable sentencing provision is La. R.S. 14:98(E)(4)(b). The statute provides that when the defendant previously received a suspended sentence for DWI, fourth offense, the trial court cannot order that any portion of the present sentence be served with benefit of parole, probation, or suspension of sentence. Not only had this defendant been previously sentenced to substance abuse treatment, but he also had previously been convicted of a fourth offense, for which he had received the benefit of suspension of sentence and probation. In failing to follow La. R.S. 14:98(E)(4)(b), the trial court imposed an illegally lenient sentence. Under the circumstances of this case, the minimum sentence that may be imposed by the trial court is ten years at hard labor without benefit of parole, probation, or suspension of sentence and a fine of $5,000.00, to run consecutively with the balance of any other sentence imposed for a prior conviction for any offense. See and compare State v. Volgamore, 38,054 (La.App. 2d Cir. 1/28/04), 865 So.2d 237, writ denied, XXXX-XXXX (La.4/22/05), 899 So.2d 568; State v. McDonald, 33,013 (La. App. 2d Cir.3/1/00), 754 So.2d 382.
We affirm the ten-year sentence, and amend to delete the suspended five years. The ten-year hard labor sentence is to be served without probation, parole, or suspension of sentence, and to be served consecutively with all prior offenses.[3]

CONCLUSION
For the reasons stated above, we affirm the conviction of the defendant, Clement *1084 Wayne Jones, for DWI, fourth offense. We affirm the defendant's sentence of ten years hard labor and a $5,000.00 fine, and amend to delete the suspension of five years. The ten years are to be served without benefit of probation, parole, or suspension of sentence and this sentence is to be served consecutively with all prior offenses.
AMENDED AND AFFIRMED.
NOTES
[1] The record does not indicate a disposition of the charge of possession of a firearm by a convicted felon.
[2] This statute was amended by Acts 2004, No. 762, § 1, which became effective after the commission of the present offense. The amendment has no effect on the present case and would not change the outcome.
[3] We note that the trial judge suspended the five years, mentioning the defendant's youth and no treatment as mitigating factors. While in some circumstances the mandatory minimum may be excessive, in this case, where the defendant has five DWI convictions and one for distribution of cocaine, it is not. The defendant was born in 1975.