WALTER J. ROTHSCHILD, Judge.
 

 LThe defendant, Jaime Magana, was charged by bill of information with operating a motor vehicle while intoxicated (a fourth offense) (“DWI”), in violation of LSA-R.S. 14:98(A)(E). The defendant pled not guilty at arraignment, and subsequently filed a motion to quash the predicate offenses. Following a hearing, the trial court denied the motion to quash.
 
 [1]
 
 Subsequently, the defendant withdrew the not guilty plea and pled guilty as charged pursuant to
 
 State v. Crosby.
 

 [2]
 

 Pursuant to a plea agreement with the State, the trial court accepted the guilty plea and sentenced the defendant to ten years at hard labor to run ^concurrently with his sentence in 07-5831
 
 [3]
 
 and ordered the defendant to pay a fine of $5,000. Four years of the defendant’s sentence was suspended, as well as $2,500 of his fine. The defendant was placed on active probation for four years in home incarceration, upon his release from the Department of Corrections. The trial court also imposed other fees and conditions of probation. This timely appeal follows.
 

 FACTS
 

 In
 
 the bill of information, the defendant was charged with driving while intoxicated, fourth offense (fourth DWI), a violation of
 
 *895
 
 LSA-R.S. 14:98(E). Because the defendant pled guilty, there was no testimony given or evidence presented concerning his fourth DWI offense. During the defendant’s plea and sentencing hearing, the defendant pled guilty to a fourth offense DWI.
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [4]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel now seeks to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [5]
 
 The request must be |4accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439,108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review of an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing |fithe legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 The defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel
 
 *896
 
 notes that the bill of information is in order, and that the minutes indicate that the defendant was present for all pertinent court proceedings. Appellate counsel notes that no hearing was held on the motion to suppress because, after a review of a tape of the incident, trial counsel waived this motion. Appellate counsel also notes that, as part of his plea bargain, the defendant received a sentence that is legal for the crime for which he was convicted. In addition, appellate counsel notes that trial counsel filed a motion to quash on the defendant’s predicate convictions and took the appropriate appeals. Appellate counsel stated that the motion to quash was reviewed on the merits by this Court and the Supreme Court, and that he found no non-frivolous issues upon which to base an appeal.
 

 Along with the appellate brief and a request for an error patent review, the appellate counsel has filed a motion to withdraw as attorney of record that states that he has conducted a conscientious and thorough examination of the record and found no non-frivolous issue that arguably supports an appeal. In addition, appellate counsel has informed the defendant that he has filed an
 
 Anders
 
 brief, and if he chooses to file a pro se brief that he must inform this Court and request a copy of the record. Appellate counsel also informed the defendant that his pro se brief filed in this Court must also be sent to the district attorney. Additionally, this Court sent defendant a letter by certified mail informing the defendant that an
 
 Anders
 
 brief had been filed and that he had until May 6, 2009, to file a pro se supplemental brief. The defendant has not filed a brief in this matter.
 

 | fiAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. A review of the bill of information reveals that the defendant was properly charged. In addition, a review of all minute entries reveals that the defendant was present at all crucial stages of the proceedings. A review of the commitment/minute entry and the sentencing transcript reveals that, during the colloquy, the trial judge advised the defendant of his
 
 Boykin
 
 rights to trial by jury, to confront his accusers, and the privilege against self-incrimination. The defendant testified that he understood his rights and that by pleading guilty he would be giving up those rights. The trial judge also advised the defendant of the sentence and the fine he would receive before he made a voluntary waiver of his rights prior to pleading guilty. The trial judge accepted the defendant’s guilty plea, after finding that the defendant understood his rights and made a knowing and intelligent waiver. In addition, the sentencing transcript reveals that the defendant waived any delays before his sentence was imposed by the trial court.
 

 With regard to the possibility of an appeal with regard to the trial court’s ruling on defendant’s motion to quash the predicate convictions, an appellate court’s denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion on the same issue.
 
 State v. Davis,
 
 03-488, p. 6 (La.App. 5 Cir. 11/12/03), 861 So.2d 638, 641,
 
 writ denied,
 
 03-3401 (La.4/2/04), 869 So.2d 874. However, judicial efficiency demands that an appellate court accord great deference to its pretrial decisions, unless it is apparent in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result.
 
 See, State v. Humphrey,
 
 412 So.2d 507, 523 (La.1981).
 

 |7In the present case, the defendant pled guilty without presenting any new
 
 *897
 
 evidence on the issue of his predicate convictions that would suggest that this Court’s prior ruling on the merits of the motion to quash was in error. Further, an independent review shows this Court’s pri- or ruling to be correct. Therefore, we find that the denial of the motion to quash would be a frivolous issue to raise on appeal.
 
 See, State v. Magee,
 
 93-643, p. 2 (La.App. 3 Cir. 10/5/94), 643 So.2d 497, 499;
 
 State v. Doucette,
 
 04-1539 (La.App. 3 Cir. 4/6/05), 899 So.2d 159, 162,
 
 writ denied,
 
 05-1210 (La.12/16/05), 917 So.2d 1106,
 

 Accordingly, a review of all pleadings in the record and all transcripts do not reveal any arguable basis for appeal.
 
 See, State v. Bradford,
 
 95-929, at 4, 676 So.2d at 1110-11. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction is hereby affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 ERROR PATENT DISCUSSION
 

 The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990) regardless of whether defendant makes such a request. The review reveals errors patent in this case.
 

 In the present case, the sentence imposed as part of the plea agreement afforded the defendant an illegally lenient sentence in several respects.
 
 [6]
 
 The trial Iscourt imposed the agreed upon sentence of ten years at hard labor with four years suspended to be served on home incarceration, as well as a fine of $5000 with $2500 of the fine to be suspended. At the time of the defendant’s conviction on August 11, 2008
 
 [7]
 
 , LSA-R.S. 14:98(E)(l)(a), the penalty provision for fourth felony DWI offenders, provided:
 

 Except as otherwise provided in Sub-paragraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of
 
 *898
 
 imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender’s release from custody. (Emphasis added).
 

 However, LSA-R.S. 14:98(E)(4)(b) provided an exception where the fourth felony DWI offender had previously received a suspended sentences:
 

 If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
 

 In
 
 State v. Jones,
 
 41,242 (La.App. 2 Cir. 8/23/06), 938 So.2d 1080, the defendant was convicted of a fourth offense DWI at trial and the court imposed a sentence of ten years at hard labor, suspended five years, and fined the defendant $5,000.
 
 State v. Jones,
 
 41,242 at 1, 938 So.2d at 1081. In its error patent review, [9the appellate court noticed the illegally lenient sentence for failing to follow LSA-R.S. 14:98(E)(4)(b). The appellate court noted that pursuant to that statute a trial court cannot order that any portion of the defendant’s present sentence be served with benefit of parole, probation, or suspension of sentence when the defendant previously received a suspended sentence for a fourth DWI offense or was sentenced to substance abuse treatment.
 
 State v. Jones,
 
 41,242 at 5, 938 So.2d at 1083. The appellate court then affirmed the defendant’s ten-year sentence, but amended the sentence to delete the suspension of five years.
 
 Id.
 

 Likewise, in the present case, the transcript of the plea hearing, the bills of information, “Guilty Plea Statement”, and “Order and Conditions of Suspension or Probation” submitted into evidence, as proof of the defendant’s predicate offenses, indicate that the defendant previously pled guilty to two counts of DWI fourth offense and one count of DWI third offense for which he received a suspended twenty-four month sentence. Thus, the sentence imposed in this case is an illegal one and the issue presented for our review is whether it can be corrected after a negotiated plea bargain or whether the sentence is an absolute nullity.
 

 It is well settled that a plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea bargain or by what he justifiably believed was a plea bargain, and that bargain is not kept.
 
 State v. Adams,
 
 07-355, p. 4 (La.App. 5 Cir. 11/27/07), 973 So.2d 777, 779. It is undisputed that the appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction.
 
 State v. Campbell,
 
 08-1226, 15 So.3d 1076, 1078.
 
 See,
 
 LSA-C.Cr.P. art. 882. Further, the appellate court has this authority, even if the issue of the illegal sentence was not raised by the defendant or the State pursuant to LSA-C.Cr.P. art. 882.
 
 State v. Campbell,
 
 08-1226, 15 So.3d 1076, 2009 WL 1464133, at *4.
 

 |iflIn
 
 State v. Campbell,
 
 08-1226 (La. App. 5 Cir. 5/26/09), 15 So.3d 1076, 1078, this Court has recently held that “not every illegally lenient sentence imposed pursuant to a plea bargain constitutes an
 
 *899
 
 absolute nullity.” Rather, “an illegally lenient sentence imposed pursuant to a plea bargain is only an absolute nullity if the plea bargain has an unlawful cause or a negotiated sentence prohibited by law.”
 
 Id.
 

 In
 
 State v. Fairman,
 
 06-366, p. 4 (La. App. 5 Cir. 10.31.06), 945 So.2d 783, 785, this Court stated:
 

 Criminal plea agreements are analogous to contracts in that they are formed by the consent of the parties established through offer and acceptance. Louisiana courts generally use civil contract law as guidance in determining the validity of plea bargains.
 
 State v. Givens,
 
 99-3518 (La.1/17/01), 776 So.2d 443, 445;
 
 State v. Robinson,
 
 01-946 (La.App. 5 Cir. 1/29/02), 807 So.2d 1085, 1089
 
 writ denied,
 
 02-0638 (La.11/1/02), 828 So.2d 563. Under our civil code an obligation cannot exist without a lawful cause. La. C.C. art. 1966. La. C.C. art. 1968 provides that “[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.”
 

 The plea bargain in the instant case afforded the defendant an illegally lenient sentence. Under our law, such an agreement is an absolute nullity which cannot be confirmed on appeal.
 
 State v. Chisley,
 
 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 51,
 
 writ denied,
 
 03-3358 (La.4/2/04), 869 So.2d 874;
 
 State v. Guilbeaux,
 
 749 So.2d at 19.
 

 In similar circumstances, this Court has vacated illegal sentences imposed by the trial court as part of a plea bargain but reserved defendant’s right to withdraw his guilty plea.
 
 State v. Quinones,
 
 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824;
 
 State v. Hines,
 
 07-313, (La.App. 5 Cir. 11/27/07), 970 So.2d 707;
 
 State v. Smith,
 
 08-528, p. 2 (La.App. 5 Cir. 1/13/09), 1 So.3d 802.
 

 |nIn the present case, since the defendant previously received the benefit of suspension of sentence on both third and two fourth offender DWI(s), we find that LSA-R.S. 14:98(E)(4)(b) expressly precludes the defendant from receiving the partially suspended sentence and, therefore, the defendant received an illegally lenient sentence as part of his plea agreement. In addition, we find that the defendant’s sentence is prohibited by law, i.e., LSA-R.S. 14:98(E)(4)(b), and, therefore, is an absolute nullity that cannot be confirmed on appeal.
 
 See, State v. Campbell,
 
 08-1226, 15 So.3d 1076, 2009 WL 1464133, at *4.
 

 DECREE
 

 For the reasons assigned herein, the conviction of Jaime Magana is hereby affirmed. We vacate the defendant’s sentence and remand the case to the district court in order that the defendant might be sentenced according to the law, reserving to defendant the right to withdraw his guilty plea. Appellate counsel’s motion to withdraw is granted.
 

 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 .On May 30, 2008, the defendant sought review of this ruling on the basis that the guilty pleas were infirm, and this court denied the writ, stating that "the transcript and the defendant’s waiver of rights form, taken together, provided sufficient proof of a knowing and voluntary waiver.”
 
 See, State of Louisiana v. Jaime Magana,
 
 08-K-453 (La.App. 5 Cir. 6/26/08) (unpublished writ) The Louisiana Supreme Court subsequently denied the defendanVrelator's writ.
 
 See, State of Louisiana v. Jaime Magana,
 
 08-KK-1695 (La.4/24/09).
 

 [2]
 

 . 338 So.2d 584 (La.1976).
 

 [3]
 

 . In 07-5831, the defendant pled guilty to resisting an officer by flight and battery of a police officer. The defendant was sentenced to six month on each misdemeanor count. That sentence was ordered to run concurrently with the sentence in this case.
 

 [4]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [5]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [6]
 

 . We note that the defendant's sentence is illegally lenient for several reasons, including the suspension of $2,500 of the $5,000 fine. In addition, as noted by the State, the trial judge failed to order an evaluation or that the defendant participate in substance abuse treatment pursuant to LSA-R.S. 14:98(E)(l)(b)(i-ii), sixty days of the defendant’s sentence be served without benefit of probation, parole, or suspension of sentence pursuant to LSA-R.S. 14:98(E)(l)(a), and the defendant’s vehicle be seized, impounded and sold at auction pursuant LSA-R.S. 14:98(E)(2)(a). Further, the trial judge failed to order that the defendant perform 48 hours of community service pursuant to LSA-R.S. 14:98(E)(l)(b). However, based on our holding setting aside the sentence as an absolute nullity, these errors are moot and require no corrective action at this point.
 

 [7]
 

 . The general rule is that the law in effect at the time of the commission of the offense is determinative of the penalty the defendant must receive. However, Louisiana Supreme Court found the general rule did not apply to LSA-R.S. 14:98 where the specific statutory provisions required the applicable law was the law in effect at the time of defendant's conviction.
 
 See, State v. Mayeux,
 
 01-3195, pp. 6-8 (La.6/21/02), 820 So.2d 526, 530-531.