SUSAN M. CHEHARDY, Judge.
 

 [2Pavid W. Jones seeks review of his sentence of fifteen years without probation or suspension of sentence. We affirm.
 

 STATEMENT OF THE CASE
 

 On December 20, 2007, the Jefferson Parish District Attorney filed a bill of information charging David W. Jones with violation of La. R.S. 40:981.3 by distribution of cocaine within 1,000 feet of Providence Baptist Church in Jefferson Parish. The defendant pleaded not guilty on December 21, 2007.
 

 On March 13, 2008, the defendant withdrew his plea of not guilty, entered a plea of guilty as charged, and signed a waiver of constitutional rights. On the same day, the State filed a bill of information alleging the defendant had previously been convicted of a felony on April 19, 2007.
 
 [1]
 
 The defendant admitted to being a second-felony offender and signed a multiple offender waiver of rights form.
 

 On March 28, 2009, in accordance with his plea agreement, the defendant was sentenced to 15 years in the custody of the Department of Corrections, with the first two years to be served without benefit of probation, parole, or suspension of sentence. The district court thereafter vacated the original sentence and imposed |san enhanced sentence of 15 years in the custody of the Department of Corrections, without benefit of probation or suspension of sentence, in accordance with La. R.S. 15:529.1.
 

 On November 5, 2009, the defendant filed an application for post-conviction relief, alleging his guilty plea was unconstitutional and invalid because he was not given notice of the true nature of his offense. The district court denied the application for post-conviction relief, finding it was premature because the defendant had not exhausted his appellate rights. The defendant filed a second application for post-conviction relief, requesting an out-of-time appeal because the time to file an appeal as a matter of right had elapsed. The district court granted the defendant’s motion for an out-of-time appeal on January 14, 2010, and dismissed his application for post-conviction relief without prejudice. This appeal ensued.
 

 FACTS
 

 Because the defendant entered a guilty plea prior to trial and without a pretrial
 
 *795
 
 motion hearing, the facts of this case are taken from the bill of information. It alleges that on October 24, 2007, the defendant violated La. R.S. 40:981.3 in that he distributed cocaine within 1,000 feet of Providence Baptist Church.
 

 Appointed counsel’s appellate brief on behalf of the defendant was timely filed on May 3, 2010. In addition, the defendant requested and was granted time to file a
 
 pro se
 
 supplemental brief. The
 
 pro se
 
 brief was due June 17, 2010, but none has been filed.
 

 ANDERS BRIEF
 

 Appointed appellate counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has | thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
 

 In
 
 Anders,
 
 386 U.S. at 744, 87 S.Ct. at 1400, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he or she finds the case to be wholly frivolous after a conscientious examination of it. Such a request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’,” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 
 [2]
 

 The procedure for compliance with
 
 An-ders
 
 set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990), was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per cu-riam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. Reduced to simplest form, it is as follows:
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 Bradford,
 
 95-929 at 4, 676 So.2d at 1110. If, after an | ¿independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
 
 Id.
 
 However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. An
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an
 
 *796
 
 advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Id.
 

 Here, the defendant’s appellate counsel asserts that after a detailed review of the record, she can find no non-frivolous issues to raise on appeal. Counsel first notes that there are no pre-trial rulings from which to appeal. Counsel further notes that the defendant pleaded guilty to the charges and that the trial court performed a complete colloquy to assure that the plea was made with all constitutional considerations. In addition, counsel notes that both the trial court’s colloquy and the plea form signed by the defendant and his counsel indicate that the defendant was informed of the considered sentence of fifteen years. Finally, counsel notes that the defendant received the minimum sentence he could receive as a second felony offender. As such, counsel concludes that the sentence does not appear to be constitutionally excessive.
 

 | (¡Appellate counsel has filed a motion to withdraw as attorney of record, which states that she notified the defendant of the filing of this motion and advised him of his right to file a
 
 pro se
 
 brief in this appeal. In addition, this Court sent the defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until June 2, 2010, to file a
 
 pro se
 
 supplemental brief. We subsequently granted the defendant an extension until June 17, 2010, to file a supplemental brief, but the defendant never filed a
 
 pro se
 
 supplemental brief.
 

 The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case. The State contends that counsel has “cast an advocate’s eye” over the record and has determined that there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm the defendant’s conviction and sentence.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 SENTENCE
 

 We have discovered a sentencing issue, but we have determined it does not require remand or additional briefing by counsel. There were two sentencing errors that made the defendant’s original sentence illegally lenient: (1) the sentencing range presented to the defendant in connection with the underlying offense was incorrect; (2) the trial judge failed to impose the mandatory fine of $50,000 required by La. R.S. 40:967 and La. R.S. 40:981.3.
 

 Pursuant to La. R.S. 40:981.3 and La. R.S. 40:967, the sentencing range for distribution of cocaine in a drug-free zone is between two and forty-five years at 17hard labor with a fine of $50,000.
 
 [3]
 

 See State v. Young,
 
 07-1021, p. 5 (La.App. 5 Cir. 3/25/08), 984 So.2d 144, 147-48,
 
 writ
 
 
 *797
 

 denied,
 
 08-0938 (La.11/12/08), 996 So.2d 1105. Thus, the defendant faced a sentencing range of two to forty-five years, not five to thirty years. This incorrect calculation also affected the calculation of the enhanced sentencing range on the habitual offender bill.
 

 Any defects in the original sentence became moot, however, once the original sentence was vacated prior to the defendant’s sentencing as a second felony offender.
 
 [4]
 

 See State v. Moore,
 
 06-875, p. 3 n. 2 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 39 n. 2.
 

 In the habitual offender proceeding, the defendant was advised that he faced a possible sentencing range of fifteen to forty-five years in the Department of Corrections as a second felony offender and that he would receive a sentence of fifteen years. In the multiple bill waiver of rights form, the defendant indicated that he understood he would be sentenced to fifteen years and signed the form, indicating he understood both the sentencing range and his specific sentence.
 
 [5]
 

 As noted above, however, the sentencing range presented to the defendant was incorrect. The defendant’s enhanced sentence as a habitual offender, therefore, is illegally lenient, because he received less than the mandatory minimum sentence required by La. R.S. 15:529.1. According to La. R.S. 15:529.1(A)(l)(a), the defendant’s sentencing range as a second felony offender [ Swas to be “not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” Pursuant to La. R.S. 40:981.3 and La. R.S. 40:967, the sentencing range for distribution of cocaine in a drug-free zone is between two and 45 years at hard labor with a fine of $50,000. Therefore, as a second felony offender, the defendant faced a sentencing range of 22 ½ to 90 years. In accordance with his plea agreement, the defendant received a 15-year sentence, which is 7½ years less than the mandatory minimum term of imprisonment required by La. R.S. 15:529.1.
 

 An appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction.
 
 State v. Magana,
 
 09-195, p. 9 (La.App. 5 Cir. 10/13/09), 27 So.3d 893, 898. The appellate court has this authority, even if the issue of the illegal sentence was not raised by the defendant or the State pursuant to La.C.Cr.P. art. 882.
 
 Magana,
 
 09-195 at 9, 27 So.3d at 898.
 

 An illegally lenient sentence imposed pursuant to a plea bargain is an absolute nullity only if the plea bargain has an unlawful cause or a negotiated sentence prohibited by law.
 
 State v. Campbell,
 
 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081,
 
 unit denied,
 
 09-1385 (La.2/12/10), 27 So.3d 842. Where the sentence is illegally lenient due to the failure to impose a mandatory fine, the plea bar
 
 *798
 
 gain is not an absolute nullity.
 
 Id.
 
 at 9, 15 So.3d at 1081.
 

 We have authority under La.C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction.
 
 Campbell,
 
 08-1226 at 8, 15 So.3d at 1081. In indigent defendant matters, however, we often have decided not to use that authority.
 
 Id.
 

 |flThe defendant in this case appears to be indigent, as evidenced by his representation by the Louisiana Appellate Project in the present case.
 

 When a sentence is illegally lenient due to the failure of the trial court to impose a mandatory fine, the plea bargain does not constitute an absolute nullity.
 
 State v. Harrell,
 
 09-364, p. 16 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, 321.
 

 The defendant here received a sentence that could be permissible under certain circumstances rather than a sentence prohibited by law. The defendant consulted with his attorney prior to entering his guilty pleas, was advised of the sentence he would receive by pleading guilty, and received a favorable plea bargain. Moreover, the trial court did not impose a fíne. Under the circumstances, the trial court’s failure to impose the mandatory fine was harmless. We refrain from exercising our authority under La. C.Cr.P. art. 882 to correct the defendant’s illegally lenient sentence.
 
 See Campbell,
 
 08-1226 at 8, 15 So.3d at 1080-81;
 
 Harrell,
 
 09-364 at 8, 40 So.3d at 316.
 

 Other than the sentencing issue, which we find does not require remand, appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal.
 

 ERROR PATENT DISCUSSION
 

 The defendant requests an error patent review. We routinely review the record for errors patent, regardless of whether defendant makes such a request. La. C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 First, we note the defendant was not fully advised of his right to seek post-conviction relief. La.C.Cr.P. art. 930.8 provides that a defendant has two years from the date “the judgment of conviction and sentence has become final” within | mwhich to file an application for post-conviction relief. The article requires that the trial judge inform a defendant of the prescriptive period at the time of sentencing. Although the commitment from the original sentencing and the multiple bill hearing and sentencing on March 28, 2008, indicates that an advisal was given regarding the two-year prescriptive period for seeking post-conviction relief under La. C.Cr.P. art. 930.8, a review of the transcript reveals that the trial judge did not advise the defendant of the prescriptive period after the defendant’s original sentence or after the original sentence was vacated and the defendant was re-sentenced as a second felony offender.
 

 Nevertheless, the record reveals that the defendant was given an advisal via his waiver of rights form. Although a written advisal via a waiver of rights form is permitted, the waiver of rights form here reflects that the defendant received an incomplete advisal, because he was advised that “any post conviction relief applications must be filed within two (2) years of the date that this sentence becomes final.”
 

 The multiple bill waiver of rights form does not refer to applications for post-conviction relief. This Court has held
 
 *799
 
 that the failure to advise a defendant that the prescriptive period runs from the time his
 
 conviction and sentence
 
 become final is incomplete.
 
 State v. Grant,
 
 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis in original).
 

 We hereby correct that error by way of this opinion and we include a proper advi-sal in the decree.
 

 We further note that the defendant’s enhanced multiple bill sentence was illegally lenient in another regard. At the hearing on the multiple offender bill of information on March 28, 2008, the trial court vacated the defendant’s original sentence, and imposed an enhanced sentence of 15 years imprisonment in the 11 [Department of Corrections, without benefit of probation or suspension of sentence. La. R.S. 40:981.3 and La. R.S. 40:967 require that the first two years of the sentence be imposed without the benefit of
 
 parole,
 
 probation or suspension of sentence. (Emphasis added.)
 

 When a defendant is sentenced as a habitual offender, the penalty increase is computed by reference to the sentencing provisions of the underlying offense.
 
 State v. Bruins,
 
 407 So.2d 685, 687 (La.1981). Similarly, the conditions imposed on the sentence are those called for in the referenced statute.
 
 Bruins,
 
 407 So.2d at 687.
 

 Because La. R.S. 40:981.3 and La. R.S. 40:967 require that the first two years of the sentence be imposed without benefit of parole, probation or suspension of sentence, the trial court should have restricted parole eligibility for the first two years of the enhanced multiple bill sentence.
 
 Bruins,
 
 407 So.2d at 687. However, the matter does not require corrective action, because the without-benefits provision of a statute is self-activating.
 
 State v. Williams,
 
 00-1725, p. (La.11/28/01), 800 So.2d 790, 799, and La. R.S. 15:301.1(A).
 

 DECREE
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed. Appellate defense counsel’s motion to withdraw as attorney of record is hereby granted.
 

 We advise the defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. arts. 914 or 922.
 

 AFFIRMED.
 

 [1]
 

 . The predicate charge was case number 06-2890, 24th Judicial District Court, in which the defendant pleaded guilty to violation of La. R.S. 40:967(C).
 

 [2]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [3]
 

 . La. R.S. 40:981.3(E)(1) provides, "Whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.” La. R.S. 40:967(B)(4)(b) provides that any person who distributes cocaine "shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.”
 

 [4]
 

 . The habitual offender statute, La. R.S. 15:529.1, does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment.
 
 Moore,
 
 06-875 at 3, 958 So.2d at 39 n. 2, citing
 
 State v. Dickerson,
 
 584 So.2d 1140 (La.1991) (per curiam).
 

 [5]
 

 . La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. As noted, the defendant was informed that he would receive a 15-year sentence on the multiple bill prior to admitting to the allegations therein. He indicated his understanding of the sentence, both in court and on his waiver-of-rights form.