Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,942-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

RYAN K. MANASCO                             Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21-CR-31529

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Paula Corley Marx

CHARLES B. ADAMS                     Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
RHYS E. BURGESS
Assistant District Attorneys

* * * * *

Before THOMPSON, HUNTER, and MARCOTTE, JJ.

HUNTER, J., dissents with written reasons.

**THOMPSON, J**.

Ryan K. Manasco was arrested after he was found in possession of thousands of shocking and disturbing images of child pornography and bestiality. Following plea negotiations, the defendant pled guilty to two counts of possession of pornography of juveniles under the age of 13 with the other counts dismissed by the prosecution. The trial court sentenced him to serve concurrent sentences of 40 years at hard labor without the benefit of probation, parole, or suspension of sentence, but also suspended ten years of each sentences and gave him five years of probation on each count. Additionally, the trial court imposed a number of special conditions of probation, including a prohibition from "being in possession of any computer or electronic device that is capable of accessing the internet." As described below, we find that because the suspension and probation of part of his sentences is illegally lenient, his sentences must be vacated and this matter remanded to the trial court for resentencing, which pretermit consideration of the assignments of error.

## FACTS AND PROCEDURAL HISTORY

In March of 2021, the Louisiana State Police ("LSP") learned the defendant, Ryan K. Manasco ("Manasco"), was receiving and possessing pornography involving young children. On March 11, 2021, the LSP and members of the Crimes Against Children Task Force executed a search warrant at the defendant's residence in DeSoto Parish, Louisiana. The officers seized the Manasco's electronic devices, and a search of those devices revealed that he was in possession of more than 2,000 images and videos, some of which were extreme.

For example, some of the images depicted adult males engaging in sexual intercourse with very young children, while others were associated with young boys being anally penetrated by dogs. One of the images was entitled, "Bed, cowgirl, hard core "a*s f**king," and depicted a nude man lying on a bed with a young girl sitting on his lap. Another image showed a man engaging in anal sexual intercourse with a child who appeared to be under the age of ten. Additionally, some of the searches conducted on the defendant's computer included: "little girls peeing"; "pee madness"; "pee for Daddy"; "pee madness XX"; "slave master dungeon"; "baby mules guide"; "how to have sex with very young girls safely"; jazz part two behavior training"; jazz part three child sex positions"; "kindergarten SX"; "progressive fingering"; "methods for stretching the human body"; "Mommie, it hurts when I pee"; and "getting off on anal."

Manasco was arrested and charged by bill of information with 228 counts of possession of pornography involving juveniles, three counts of distribution of pornography involving juveniles, and 2,076 counts of possession of images of child pornography, in violation of 14:81.1(A)(1), (E)(1)(a) (E)(2)(a), and (E)(5)(a). He was also charged with 30 counts of sexual abuse of an animal by filming, distributing, or possessing pornographic images of a person and an animal engaged in sexual contact, in violation of La. R.S. 14:89.3.

Manasco pled guilty to two counts of being in possession of pornography involving juveniles under the age of 13. Prior to accepting the guilty plea, the trial court properly informed the defendant of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). During the *Boykin* hearing, Manasco admitted to being in

2

possession of video images of child pornography involving juveniles under the age of 13. In exchange for his guilty plea, the State dismissed the numerous remaining charges against him, but there was no agreement regarding sentencing.

In providing the factual basis for Manasco's guilty pleas, the State affirmed that on March 11, 2021, law enforcement officers identified the defendant as a person who was receiving and possessing numerous items of pornography involving juveniles, specifically children under the age of 13. The State also described some of the graphic videos depicting adults engaging in various sexual acts with children who appeared to be between four and seven years old. The defendant admitted to being in possession of at least two video images of pornography involving juveniles under the age of 13.

During the sentencing hearing, Manasco addressed the court and requested leniency. He stated, "Something [is] wrong with my mind," and he asserted he needed "help." The defendant also denied ever "hurting a child," and he stated he would never do so. He also articulated his fear of going to prison, stating he was "willing to do anything," to avoid being imprisoned, including serving house arrest, wearing an ankle monitor, undergoing chemical castration, or serving a lifetime of probation. The defendant further stated his family needed him because his mother had "bad health problems," and his wife was having difficulty keeping their house from falling into disrepair. According to the defendant, he downloaded "ninety percent" of the pornographic images "in bulk," without any knowledge of "the specifics" of the materials.

Rebecca Manasco, the defendant's wife, described him as a hard worker who had "never been violent" and had "never been in trouble." She also stated she had not witnessed the defendant watching child pornography; however, she had seen inappropriate images of children on his computer. Rebecca expressed her belief the defendant needed psychological treatment, which she did not believe would be provided to him in prison. The defendant's parents, Robert and Kimberly Manasco, also opined the defendant is a good person who "needs help." They testified they are elderly, and they required the assistance the defendant provides for them. Elise Powell, the defendant's mother-in-law, described him as "a very good man," who "does need help." She also stated the defendant had never harmed her grandchildren, who loved being around him. Shelley Drake, a friend of the Manasco family, also described the defendant as "a really good man," who "needs help" and is "needed by his family." She admitted "what he did was wrong," but she stated, "Everybody deserves a chance."

Prior to imposing the sentence, the trial court reviewed the presentence investigation ("PSI") report. The court detailed the defendant's age (35-years-old), marital status, family history, educational background, and employment history. The court also noted it had reviewed the binder of materials submitted by defense counsel, which included numerous character letters, correspondence between the defendant and his wife, family photographs, the defendant's work history, and a report generated by the United States Sentencing Commission regarding federal sentencing of nonproduction child pornography offenses. The trial judge stated:

> [W]ith respect to [La. C. Cr. P.] Article 894.1(A)[,] the Court
> has determined that a lessor sentence than what will be given
> would deprecate the seriousness of defendant's crime. Further,

4

the Court has considered that [the defendant] received a substantial benefit by the plea agreement[.] … Additionally, the Court notes that [the defendant] stated, at least in the materials that were provided before today's date, that he did not know any of the victims in the photos and/or videos. Those victims are real children. They are infants. They are toddlers. They are young boys and girls. And they were tortured for your gratification. These images are well beyond what you described as 'a lust to see children naked.' These are young children that have been brutalized and traumatized beyond imagine [sic]. By viewing such images and participating in underage pornography chat rooms on the dark web, you created a market that perpetuates sexual torture of children.

The trial court sentenced the defendant to serve 40 years at hard labor without the benefit of probation, parole, or suspension of sentence, with ten years suspended and five years of probation, for each count. The sentences were ordered to be served concurrently. Additionally, the trial court ordered the defendant to complete an approved sex offender treatment program, and upon the completion of the his term of imprisonment, the trial court imposed the following: monitoring by the Department of Public Safety and Corrections through the use of electronic monitoring equipment for the remainder of the defendant's natural life; and the completion of sex offender registration requirements and notification process "for as long as required by Louisiana law. Further, the trial court prohibited the defendant from "being in possession of any computer or electronic device that is capable of accessing the internet." Subsequently, the trial court denied the defendant's motion to reconsider sentences. This appeal followed.

## DISCUSSION

On appeal, Manasco asserts three assignments of error. First, he contends that the trial court erred in imposing the maximum sentences and not particularizing the sentences to this offender and offense. He also asserts that the trial court's restriction on internet usage is unconstitutional. We

5

pretermit review of Manasco's assignments of error because we find that his sentences were unconstitutionally lenient. As such, we vacate his sentences and remand for resentencing, as described in greater detail below.

Manasco was convicted of two counts of possessing pornography involving juveniles, pursuant to La. R.S. 14:81.1, which states that it is unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles. La. R.S. 14:81.1(A)(1). La. R.S. 14:81.1(E)(1) states that whoever intentionally possesses pornography involving juveniles shall be fined not more than $50,000 and shall be imprisoned at hard labor for not less than five years or more than 20 years, **without benefit of parole, probation or suspension of sentence**. If the victim is under the age of 13, as here, the offender shall be punished by imprisonment at hard labor for not less than ½ the longest term nor more than twice the longest term of imprisonment provided above. The sentence *shall* be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1(E)(5)(a).

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790; *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *Burns*, *supra*.

In the present matter, the trial court sentenced Manasco to serve 40 years at hard labor without the benefit of probation, parole, or suspension of sentence, but then suspended ten years and gave five years of probation for

6

each count.  The sentences are in violation of La. R.S. 14:81.1, as it does not allow for the suspension or probation of any part of Manasco's sentences, and as such, his sentences are illegally lenient.  For this reason, we must vacate Manasco's sentence and remand this matter to the trial court for resentencing consistent with La. R.S. La. R.S. 14:81.1(E)(1), La. R.S. 14.81.1(E)(5)(a), and La. R.S. 15:561.5.[1]

## CONCLUSION

For the reasons set forth herein, we affirm the defendant's convictions.  We vacate the defendant's sentences, and we remand this matter to the trial court for resentencing in accordance with the applicable statutory provisions.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.**

---

[1] We also refer the trial court to *Doe v. Jindal*, 853 F. Supp. 2d 596 (M.D. La. Feb. 12, 2012).

**Hunter, J., dissenting.**

As the majority noted, this Court has the statutory authority to correct an illegal sentence. See, La. C. Cr. P. art. 882(A).[2] Although a remand for resentencing is authorized by the jurisprudence, it is not mandatory. *See*, *State v. Haynes*, 04-1893 (La. 12/10/04), 889 So. 2d 224.

Rather than remanding to the trial court to correct the illegal sentence, in the interest of judicial economy, I would either amend the sentences to delete the suspended 10 years and order the sentences be served without benefit of probation, parole, or suspension of sentence, *See*, *State v. Jones*, 41,242 (La. App. 2 Cir. 8/23/06), 938 So. 2d 1080, or decline to correct the error since the sentences are not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal. *See*, *State v. Lambert*,11-2006 (La. App.1 Cir. 6/8/12), 93 So. 3d 771, *writ denied*, 12-1592 (La. 1/25/13), 105 So. 3d 65; *State v. Price*, 05-2514 (La. App. 1 Cir. 12/28/06), 952 So. 2d 112, *writ denied*, 07-0130 (La. 2/22/08), 976 So. 2d 1277. Accordingly, I respectfully dissent from the majority's opinion.

---

[1] *See also*, *State v. Benavides*, 54,265 (La. App. 2d 3/9/22), 336 So. 3d 114.

1